UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

Our File No.: 59452
Darren Kayal, Esq. – 026601999
**RUDOLPH & KAYAL**
Counselors at Law, P.A.
Atlantic Corporate Center
2317 Highway 34, Suite 2-C
Manasquan, NJ 08736
TEL # (732) 449-0190 • FAX # (732) 974-9252
Attorneys for Plaintiff Graphic Arts Systems, Inc.

| | |
|---|---|
| GRAPHIC ART SYSTEMS, INC. | CIVIL NO. |
| Plaintiff | Honorable |
| v. | |
| COMPACT FOILERS, LTD., CARTON CRAFT SUPPLY, DIAMOND PACKAGING, INC., KEYSTONE PAPER & BOX COMPANY, INC., MULTI PACKAGING SOLUTIONS, INC. AND VISTA COLOR, INC. | CIVIL ACTION |
| Defendants | |

## **COMPLAINT AND JURY DEMAND**

### **PRELIMINARY STATEMENT**

This is an action by Plaintiff Graphic Art Systems, Inc. (hereinafter "Graphic Art"), by and through the undersigned counsel, for claims against Defendants Compact Foilers, Ltd., Carton Craft Supply, Diamond Packaging, Inc., Keystone

1

Paper & Box Company, Inc., Multi Packaging Solutions, Inc., and Vista Color, Inc. (hereinafter collectively "Defendants"). This action seeks injunctive relief and damages from Defendants for their willful infringement of Graphic Art's utility patent rights.

## PARTIES

1. Graphic Art is a New Jersey corporation with its principal place of business at 1310 South Roller Road, Ocean, New Jersey 07712.

2. Upon information and belief, Compact Foilers, Ltd. is a U.K. based Limited Company having a principal place of business at Albemarle Road, Taunton, Somerset, England TA1 1BJ.

3. Upon information and belief, Carton Craft Supply (hereinafter "Carton") is a U.S. company have a principal place of business at 210 Curie Drive, Alpharetta, GA 30005.

4. Upon information and belief, Diamond Packaging, Inc. (hereinafter "Diamond") is a U.S. company have a principal place of business at 111 Commerce Drive, Rochester, NY 14692.

5. Upon information and belief, Keystone Paper & Box Company, Inc. (hereinafter "Keystone") is a U.S. company having a principal place of business at 31 Edwin Rd, South Windsor, CT 06074.

6. Upon information and belief, Multi Packaging Solutions, Inc. (hereinafter "MPS") is a U.S. company having a principal place of business at 150 East 52nd Street, 28th Floor, New York, NY 10022.

7. Upon information and belief, Vista Color Inc. (hereinafter "Vista") is a U.S. company having a principal place of business at 1401 NW 78th Ave, Miami, FL 33126.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over the patent claims in this matter pursuant to 15 *U.S.C.* §1121(a), and 28 *U.S.C.* §§1331, 1332, 1138(a), and (b) and 1355, as the claims arise under patent laws of the United States of America, including but not limited to 35 *U.S.C.* §271. This Court has supplemental jurisdiction over Graphic Art's State claims pursuant to 28 *U.S.C.* § 1367 because they are so related to Graphic Art's Federal patent and unfair competition claims that they form part of the same case or controversy.

9. This Court further has personal jurisdiction over Defendants under *Fed. R. Civ. P.* 4 and under *N.J. Ct. R.* 4:4-4 because Defendants transacts business in the State of New Jersey, have committed the acts alleged in this Complaint in New Jersey, and/or have regularly solicited business or derived substantial revenue from the infringing goods promoted, advertised, sold, used, and/or consumed in the State of New Jersey; and specifically have sold such products that infringe Graphic

Art's intellectual property in the State of New Jersey and have thus purposefully availed themselves of the privilege of doing business in the State of New Jersey.

10. Venue is proper pursuant to 28 *U.S.C.* §1391.

## FACTUAL BACKGROUND

### A. Overview of Plaintiff

11. Graphic Art is in the business of selling, manufacturing, installing, and/or distributing printing presses and/or modules, and in particular such presses and/or modules employing cold foil technology. Specifically, Graphic Art develops and manufactures, in part, cold foil modules that utilize more of the foil web than conventional cold foil systems.

12. Graphic Art's modules are capable of being retrofit to existing presses to create a unique cold foil system. Significantly, and unlike most other cold foil systems, Graphic Art's modules allow the foil web to be run through the press multiple times. This causes the foil web to contact the adhesive laden printing surface at specific areas, thereby enabling a user to determine where the impact between the foil web and the printing surface will occur, thereby using more of the available foil web than the conventional cold foil presses.

13. The Graphic Art modules and/or presses are sold world-wide, including throughout the United States, and including within this judicial district.

14. Graphic Art owns the entire right, title, and interest to United States Utility Patent 9,358,776 entitled "METHOD FOR USING A FOIL ON A PRINTING PRESS AND OPTIMIZING THE MAXIMUM USAGE OF THE FOIL" (hereinafter "the '776 Patent"), issued on June 7, 2016. A true copy of the '776 Patent is attached hereto as *Exhibit A*.

15. The Graphic Art cold foil module(s) sold by Graphic Art embodies the invention disclosed in the '776 Patent.

16. Graphic Art first contacted Compact on or around September 28, 2014, regarding the '776 patent via certified mail to provide written notice to Compact regarding Graphic Art's pending patent application. Graphic Art further provided additional notice once the pending patent application was issued as the '776 patent.

17. Graphic Art has further contacted Carton, Diamond, Keystone, MPS, and Vista concerning the '776 patent via certified mail to provide written notice to each respective entity regarding the '776 patent.

**B.     Overview of Defendants**

18. Compact also sells printing presses and/or modules, including cold foil presses and/or modules, through their website, www.compactfoilers.com. Such products include the CF1000 Portable and CF1000 (PM).

19. Copying the '776 Patent as implemented in Graphic Art's modules, Compact also promotes on its website the ability of foil saving by "[t]he CF1000…for multiple passes through the press when the pattern permits. The CF1000 has four options for foils saving which can be selected depending on the pattern/coverage to increase foil yield." *See* *http://www.compactfoilers.com/CF1000-foiler/CF-1000-Portable/information.aspx.*

20. The Compact website further includes a "Foil Savings Diagram." *See Exhibit B.*

21. Compact has further held discussions, sold, or attempted to sell at least the CF1000 and CF1000 PM to the other Defendants located within the United States of America.

22. Carton, Diamond, Keystone, MPS, and Vista have bought or otherwise obtained at least one of the CF1000 or CF1000 (PM) from Compact.

**COUNT I (PATENT INFRINGEMENT OF THE '776 PATENT)**

23. Graphic Art restates and re-alleges paragraphs 1-22.

24. Graphic Art is the owner of the '776 Patent, which is valid and enforceable, and therefore makes this claim for patent infringement under the patent laws of the United States of America in accordance with Title 35 of the United States Code.

25. Graphic Art has not authorized Defendants to sell, purchase, or offer for sale any product in the United States that is covered by the claims of the '776 Patent.

26. Defendants have directly infringed and continue to directly infringe the '776 patent under 35 *U.S.C.* §271(a), either literally and/or under the doctrine of equivalents at least one claim of the '776 patent, by making, using, offering for sale, and/or selling products (*e.g.* CF1000; CF1000 (PM)) that incorporate the methodologies claimed in the '776 patent.

27. The '776 patent covers methodological solutions for changing a circumference of a web (foil) raceway thereby positioning a printing position of the web at a specific location. By way of example and without limiting claims to this specific example, Compact's CF 1000 and/or CF1000 (PM) (*see http://www.compactfoilers.com/CF1000-foiler/CF-1000-Portable/information.aspx*), when employed by Defendants, infringe at least one claim, either literally and/or under the doctrine of equivalents of the '776 patent as proper usage of the CF1000 and/or CF1000 (PM) allows for changing of the circumference of foil raceways utilized in the press.

28. Compact's unauthorized sale and distribution of at least the Compact CF1000 and CF1000 (PM) including, but not limited to, through its website at www.compactfoilers.com is in further violation of 35 *U.S.C.* §271(b) and §271(c).

29. Graphic Art believes, and based thereon alleges, that if and to the extent that Compact is not directly infringing the '776 patent under 35 *U.S.C.* §271(a), Compact is infringing indirectly by contributing to and/or inducing infringers in violation of 35 *U.S.C.* §271(b) and (c), including without limitation: 1) customers of Compact; 2) partners of Compact; and 3) suppliers of Compact's customer base. Compact has knowledge, per paragraph 16 above, of the '776 patent and induces that infringement by intentionally encouraging and/or aiding its customers, partners, and customers' suppliers to use Graphic Art's patented technology. Graphic Art intentionally designs, manufactures, markets, promotes, sells, services, and provides support, software, and educates its customers, partners, and customers' suppliers on its patented technology. Compact also intentionally markets, promotes, sells, services, and provides support, software, and educates its customers, partners, and customer's suppliers on at least the CF1000 and CF1000 (PM). Compact has known or should have known that these actions would cause direct infringement of the '776 patent and did so with specific intent to encourage and aid infringement.

30. Graphic Art further believes, and based thereon alleges, that Compact, via actively inducing direct infringement of the '776 patent and/or importing, offering to sell, or selling one or more components required for Graphic Art's methodology, has done so knowing that such components to be especially made or

adapted for use in infringing the '776 patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, as the components are specifically designed to facilitate changing of a raceway circumference to promote increased usage of a foil web.

31. Defendants' customers, partners, suppliers, put Graphic Art's patented technology into service and obtain benefit from it.

32. Sales of the CF1000 and CF1000 (PM) have occurred from Compact to at least Keystone, Multipackaging Solutions, Vista Color and Diamond Packaging, since the earliest effective date of the '776 patent and have continued after notice was provided to at least Compact of the publication of the patent application that matured into the '776 patent.

33. Defendants' deliberate and willful actions infringing the design of Graphic Art's '776 Patent have caused and will continue to cause irreparable harm to Graphic Art unless preliminarily and permanently enjoined pursuant to 35 *U.S.C.* §283.

34. Defendants have also profited, and Graphic Art has suffered pecuniary damage, in an amount to be determined at trial as a result of Defendants' willful infringement of Graphic Art's '776 Patent pursuant to 35 *U.S.C.* §284.

35. Graphic Art has suffered and continues to suffer damages from Defendants' illegal and unauthorized acts, the actual amount to be proved at trial, plus pre- and post-judgment interest, costs and attorneys' fees.

## COUNT II (TORTIOUS INTERFERENCE)

36. Graphic Art restates and re-alleges paragraphs 23-35.

37. Graphic Art has established relationships with numerous clients and businesses that incorporate Graphic Art's technology to the benefit of Graphic Art.

38. The conduct of Compact, as described herein, was designed to disrupt the economic relationships between Graphic Art and its clients by prospering off the established relationships of Graphic Art by using Graphic Art's proprietary technology.

39. The established relationships of Graphic Art were disrupted as merchants have done business with Compact rather than Graphic Art.

40. As a proximate result of the conduct of the Defendants, Graphic Art has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Graphic Art requests that the Court enters judgment in its favor and against Defendants on its claims as follows:

(a) Preliminarily and permanently enjoin and restrain Defendants under 35 U.S.C. §283 against continued infringement, whether directly or indirectly, of the '776 Patent in violation of 35 U.S.C. §271;

(b) Order an accounting for all revenue, proceeds and profit directly and indirectly from the sale and distribution of the Compact products which infringe the '776 Patent, per 35 U.S.C. §284, including but not limited to, from the sale and distribution of at least the CF1000 or CF1000 (PM);

(c) Order an assessment of interests and costs against Defendants pursuant to 35 U.S.C. §284;

(d) Find this to be an exceptional case and to award reasonable attorneys' fees to Graphic Art pursuant to 35 U.S.C. §285;

(e) Find that Defendant's infringement was intentional such that treble damages and attorneys' fees are appropriate pursuant to 35 U.S.C. §284;

(f) Awarding Graphic Art all other damages permitted by law;

(j) Awarding to Graphic Art interest, including pre-judgment interest, on the foregoing sums; and

(k) Award Graphic Art such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to *Fed. R. Civ. P.* 38(b), Graphic Art respectfully demands a trial by jury for all claims and issues so triable.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Plaintiff, by its attorneys, hereby certifies that, to its knowledge, the matter in controversy is not the subject of any related actions.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

RUDOLPH & KAYAL
Counselors at Law, P.A.
Attorneys for Plaintiff
Graphic Arts Systems, Inc.

_____
DARREN C. KAYAL, ESQ.

DATED: December 21, 2016